IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:08-cr-00036-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>DANIELLE VICTORIA BIGWITCH, )<br> )<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion requesting a judicial recommendation concerning a halfway house placement or release to home confinement [Doc. 152].

The Defendant moves the Court for a recommendation concerning placement in a halfway house or release to home confinement for the remainder of her sentence. [Doc. 152]. The Bureau of Prisons (BOP), not the Court, has the authority to designate the location of an inmate's place of imprisonment, including her placement at a halfway house or a similar facility. See 18 U.S.C. § 3621(b). Similarly, the discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18

U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). Accordingly, the Defendant's request for a recommendation from this Court regarding her placement at a halfway house or her release to home confinement must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion requesting a judicial recommendation concerning a halfway house placement or release to home confinement [Doc. 152], is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge